UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-04153-SVW-DFM | Date: | August 11, 2026 |
| Title | Lakhwinder Lakhwinder v. Warden/Administrator Desert View Facility | | |

| | |
|---|---|
| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Petitioner: | Attorney(s) for Respondents: |
| N/A | Not Present |
| **Proceedings:** | **(IN CHAMBERS) Order Holding Petition in Abeyance Pending Bond Hearing** |

Petitioner Lakhwinder Lakhwinder, an immigration detainee proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. See Dkt. 1 ("Petition"). Petitioner challenges, inter alia, his classification as an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A). See id. at 2, 9-10. Respondents filed a Return. See Dkt. 9 ("Answer"). Petitioner's reply deadline remains pending. See Dkt. 5.

In their Answer filed on July 31, 2026, Respondents argue that: (i) the Petition is a successive petition that should be dismissed, at least in part, as an abuse of the writ considering Petitioner's prior habeas petition (Case No. 5:26-cv-00906-SVW-DFM); and (ii) Petitioner's claims are barred by collateral estoppel. See Answer at 2-3.

On July 30, 2026, the Ninth Circuit decided Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026), which neither party had an opportunity to address in Petitioner's prior habeas case.

On August 3, 2026, the Court ordered Respondents to file a supplemental brief addressing the provision that authorizes Petitioner's present detention and the application, if any, of Rodriguez Vazquez. See Dkt. 12. Both parties filed supplemental briefs. See Dkts. 13-14.[1]

Following Rodriguez Vazquez, it appears that the parties no longer dispute that 8 U.S.C. § 1226(a) governs Petitioner's detention, and that Petitioner is entitled to, at a

[1] Though the Court's Order was only directed at Respondents, the Court appreciates and welcomes both parties' filings and perspectives.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

minimum, a § 1226(a) custody redetermination. See id. However, Respondents argue that "there is no need for the Court to order a 1226(a) hearing be provided because Petitioner is already scheduled for a prolonged detention hearing on August 17, 2026 pursuant to Rodriguez v. Robbins, 804 F.3d 1060, 1089 (9th Cir. 2015), rev'd sub nom. Jennings v. Rodriguez, 583 U.S. 281 (2018), where the burden to establish prolonged detention is placed on the government." See Dkt. 14 at 2. Respondents argue that "because the Petitioner is imminently scheduled to appear at a Rodriguez bond hearing before an immigration judge who can adjudicate Petitioner's complaint of unjustified detention on an evidentiary standard that is more favorable to Petitioner than at a 1226(a) hearing, the Petition should be denied, and judgment should be entered for the Respondents." See id.

Given that: (i) the upcoming Rodriguez bond hearing involves, from Petitioner's perspective, a more favorable allocation of the burden of proof; and (ii) the Rodriguez bond hearing is scheduled for a date that would likely precede any Court-ordered § 1226(a) hearing, considering the delay inherent with the Report and Recommendation process,[2] the Court declines to recommend the District Judge order a § 1226(a) bond hearing at this time. However, the Court likewise declines to recommend the District Judge deny the Petition based on the scheduled Rodriguez bond hearing.

Instead, the Court will hold the Petition in abeyance pending the outcome of Petitioner's Rodriguez bond hearing, which is scheduled for August 17, 2026. See Dkt. 14-1. Holding the petition in abeyance promotes judicial economy. The Rodriguez bond hearing may materially alter the case.

The Court orders the parties to file a joint status report within five (5) days of Petitioner's Rodriguez bond hearing discussing: (1) whether Petitioner's release on bond was granted or denied; (2) if bond was denied, the reasons for denial; (3) whether any further administrative review has been sought; and (4) which of Petitioner's habeas claims, if any, remain pending following the bond hearing. Respondents should also lodge a copy of the Immigration Judge's order granting or denying bond and, if bond is denied, an audio recording of the bond hearing.

IT IS SO ORDERED.

[2] Absent Petitioner's consent to Magistrate Judge jurisdiction for all purposes, this case will proceed via the Report and Recommendation process. If Petitioner desires to consent to Magistrate Judge jurisdiction for all purposes, Petitioner must file a Form CV-11 (Statement of Consent to Proceed Before a United States Magistrate Judge).